KENNETH WAYNE LONG, BY HIS NEXT FRIEND, VONNIE LONG v. PAULINE GASKINS.

(Filed 13 December, 1961.)

APPEAL by plaintiff from *McKinnon, J.,* May Term 1961 of BRUNS-WICK.

This is a civil action to recover for personal injuries sustained by the plaintiff Kenneth Wayne Long when struck by an automobile operated by the defendant on the State highway leading from Ash to Longwood in Brunswick County. This is a paved highway, 18 feet wide. The plaintiff, six years of age, and his sister, Irma Long, ten years of age, were walking in a southerly direction on the right shoulder of the highway going towards their home, about 2:00 p.m. on 28 February 1960. Another sister of plaintiff, Marcia Long, nine years of age, and a brother, Clint Long, four years of age, were walking along the left shoulder of the highway on the opposite side of the road at the above time.

It was stipulated that there was a path on the right shoulder of the road about 18 inches from the hard surface and that the shoulder was six feet wide. Irma Long testified that she was walking along this path and that Kenneth was behind her "in this path which was pretty wide."

An automobile approached from the direction in which the children were walking. The defendant, driving a 1951 Studebaker automobile, traveling in the same direction in which the four children were walking, saw the children approximately 200 yards before she reached the point where they were walking on the shoulder of the highway. The evidence tends to show that the defendant met and passed the automobile proceeding from the opposite direction; that some distance before overtaking the plaintiff and the other children the defendant was traveling about 40 to 45 miles per hour; that when she saw the children she applied her brakes and slowed down to 20 or 25 miles an hour and blew her horn; that when the defendant came to within 20 feet of plaintiff, he darted out in front of her; that she pulled her car to the left and was about the center of the highway when the plaintiff was struck. The right parking light was broken by the contact with the child. The defendant stopped her car on the right side of the highway about 25 or 30 feet from where the plaintiff was lying. After the accident the child was lying about two or three feet from the edge of the pavement in the right lane of the highway. Irma and Marcia Long testified that if the defendant blew her horn they did not hear it.

The case was submitted to the jury on appropriate issues. The issue as to the defendant's negligence was answered in her favor. The plaintiff appeals, assigning error.

*Herring, Walton & Parker for plaintiff appellant.*
*Edward L. Williamson for defendant appellee.*

PER CURIAM. A careful examination of the plaintiff's exceptions and assignments of error leads us to the conclusion that the plaintiff has had a fair trial, free from any error sufficiently prejudicial to warrant a new trial.

The verdict of the jury and the judgment entered below will be upheld.

No error.